**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                          No. 01-4648

STACY TREMAINE JOHNSON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-114-FO)

Submitted: May 30, 2002

Decided: June 20, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sue Genrich Berry, BOWEN, BERRY, POWERS & SLAUGHTER, P.L.L.C., Wilmington, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael Gordon James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a guilty plea to one count of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), Stacy Tremaine Johnson was sentenced to 327 months in prison. Johnson appeals, claiming that he was deprived of assistance of counsel at sentencing, the district court failed to make an inquiry into the factual basis for his guilty plea, and he was entitled to an additional reduction in his offense level for acceptance of responsibility. We find no merit to his claims; consequently, we affirm.

Johnson first argues that the district court deprived him of the right to counsel at sentencing by allowing his attorney to withdraw and then requiring Johnson to proceed pro se. In fact, when Johnson's court-appointed attorney (his third) moved to withdraw one business day before sentencing, the court required Johnson to proceed with hybrid representation, directing his lawyer to continue as standby counsel. Such a decision was within the district court's discretion. *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984); *United States v. West*, 877 F.2d 281, 286 (4th Cir. 1989). In this capacity, at Johnson's request, counsel actively participated at the sentencing hearing, challenging provisions in the presentence investigation report, and playing a significant role in obtaining a lower offense level than that recommended in the report.

At the Fed. R. Crim. P. 11 hearing, the district court advised Johnson that in order for the court to find him guilty of Count Two of the indictment, the government would have "to prove by competent evidence and beyond a reasonable doubt that on or about August 5, 1999, that [Johnson] knowingly and intentionally possessed with the intent to distribute in excess of five grams of crack cocaine." Shortly thereafter, when the court asked if he needed more advice, Johnson said,

"I'm guilty of Count Two." Johnson argues on appeal that this exchange does not provide a sufficient inquiry into the factual basis of his guilty plea. Because he did not raise this claim in the district court, we review the district court's findings for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002).

Under Fed. R. Crim. P. 11(f), a court may not enter a judgment upon a guilty plea unless it is satisfied that there is a factual basis for that plea. We find that, in light of Johnson's explicit admission of guilt at the sentencing hearing and evidence in the presentence investigation report supporting the guilty plea, the district court did not commit plain error in finding a factual basis to support the plea. *Martinez*, 277 F.3d at 531-32.

Finally, Johnson argues that the district court erred by awarding him only a two-level reduction in offense level for acceptance of responsibility rather than a three-level reduction as provided by *United States Guidelines Manual* § 3E1.1(b) (2001). To obtain this additional one-level reduction, Johnson bore the burden of establishing by a preponderance of the evidence that he was entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989). We find that the district court did not err by concluding that Johnson failed to meet this burden.*

For these reasons, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*To the extent that Johnson argues that he was denied effective assistance of counsel because his standby counsel did not raise this objection at the sentencing hearing, we find that his claim is not cognizable on direct appeal because it does not conclusively appear from the face of the record that counsel was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).